### JESSE R. BOND AND WIFE vs. A. A. ELLISON ET AL.

SUPREME, COURT, AUSTIN TERM, 1882.

*Forced Sale—Exemption from—Hotel furniture not exempted.*—Article 6834, P. D., construed as exempting from forced sale the household and kitchen furniture of a family, used by them as a family, but not as protecting the furniture of a hotel which is used for the accommodation of guests and boarders. Such furniture is not exempt by reason of the fact that the hotel-keeper is the head of the family.

Appeal from Caldwell county.—This suit was brought by appellants, Jesse R. Bond and Elizabeth, his wife, against appellees, A. A. Ellison, sheriff, S. A. Bruce, his deputy, and A. Lichtenstein, to recover damages for an alleged wrongful levy and sale by the sheriff under an execution in favor of Lichtenstein, of certain household and kitchen furniture belonging to plaintiffs. The petition was filed August 12, 1875, laying the damages at $1000.

Bond was keeping a hotel in the town of Luling. His family consisted of himself, his wife and one child.   On March 13, 1875, Lichtenstein recovered a judgment against him before a justice of the

peace for $110.83, and upon affidavit made by Lichtenstein, execution was issued before the expiration of ten days from the date of the judgment. The execution was immediately levied upon the furniture in the hotel, consisting of beds and bedding, tables, and table furniture, a cooking stove and equipments. The property was worth, perhaps, $100; though plaintiff Bond said in his testimony that it was worth *to him*, $500. It brought at this sheriff sale $67.05. The hotel building was separate from the private dwelling of the family, but connected with it by a platform. No furniture was taken from the private apartments of the family, and the officers left for them all such articles as were pointed out by Bond, for the use of the family.

On January 6, 1876, plaintiffs amended, alleging that the household and kitchen furniture levied on and sold was not over the value of $500, was exempt from execution, and was necessary for the use of the family. September 5, 1875, defendants answered by demurrer, and set up that the property was liable to seizure and sale under execution, that plaintiff was abont to remove it out of the county, and execution was properly issued before the lapse of ten days after the day on which the judgment was rendered. Defendants filed two amendments, in one of which they announce that no part of the "family household and kitchen furniture was levied on and sold under the execution."

The trial was had on the sixth of January, 1876.

The judge, in his charge, after explaining to the jury that the law reserved from execution to every family "all household and kitchen furniture," instructed them that if they believed from the evidence that the defendants, or the defendant Bruce, had levied on and sold property of the plaintiffs which was exempt from forced sale, because it was household and kitchen furniture, and used as such by the plaintiffs and their family *at the time*, they should find a verdict for the plaintiffs for the value of the property so levied on and sold, with eight per cent interest, and for such actual damages as plaintiff had sustained by being deprived of the use of the furniture.

The charge concluded as follows: "But if you believe from the evidence that the execution was not levied upon household and kitchen furniture, or that the property at the time it was so seized and levied on was not used by the plaintiffs as household and kitchen furniture, you will in either such event find for the defendants."

Verdict and judgment for defendants, and motion for new trial being overruled, plaintiffs appealed.

The motion for new trial was upon the grounds:

1.   The verdict was contrary to the law and the evidence.

2.   The court erred in its charge.

3.   The charge was calculated to mislead the jury.

The assignments of errors are as follows:

1.   Error in the charge of the court.

2 and 3.   Error in overruling motion for a new trial.

4.   Other errors apparent in the record.

### OPINION BY DELANEY, J.

The assignments of error are so vague that we will not notice them. Counsel for appellants in his brief, construing the charge of the court as instructing the jury that to exempt household and kitchen furniture from execution, it must be used as such at the time of the levy. I am not certain that I understand the exact meaning of this part of the charge, and counsel in their briefs have thrown no light upon it. Whatever it may mean, even if we should admit that it was erroneous, the error was immaterial. For our opinion is that the furniture levied on and sold was subject to execution, and therefore that no wrong was done to appellants by the levy and sale. We construe the statute (Paschal's Digest, 6834) as exempting from forced sale the household and kitchen furniture of a family, used by them as a family, and that it does not protect the furniture of a hotel which is used for the accommodation of guests and boarders. It appears from the evidence in this case that the family did not live in the hotel. Their apartments were under a separate roof, and connected with the hotel by a platform, and none of the furniture which was used by the family was touched by the officer. Doubtless the furniture of a private family would not be rendered subject to execution by the fact that boarders were received into their house, but our opinion is that the furniture kept in hotels is not exempted from forced sale by reason of the fact that the hotel-keeper is the head of a family. We think, therefore, that the judgment should be affirmed.

Report of Commissioners examined and approved, and judgment affirmed.—GOULD, C. J.